IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL K. GROSS,

    Petitioner,

v.                                                                           CASE NO. 5:07-cv-121-RS-AK

FLORIDA PAROLE COMMISSION,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus. Respondent has filed its response claiming that the petition is untimely, Doc. 16, and Petitioner has filed his reply. Doc. 22. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the instant petition be denied as untimely.

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Section 2241(d)(1) applies to habeas petitions challenging parole revocation. *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004). Under subsection

(A), the statute of limitations for seeking habeas relief in this Court began to run with the entry of the revocation order. *Chambers v. Florida Parole Commission*, 257 Fed. Appx. 258 (11th Cir. 2007).

On September 3, 2003, Respondent found Petitioner guilty of violating his parole, and he was returned to state custody. The one-year statute of limitations for seeking habeas relief in this Court began running on that date. The instant petition was given to prison authorities for mailing on May 31, 2007,[1] and it is therefore patently out of time by almost three years. Though a properly filed motion for post-conviction relief or a challenge in state court to the revocation order would have tolled the one-year filing period, 28 U.S.C. § 2244(d)(2), Petitioner did not file anything in state court challenging the revocation itself, as opposed to the presumptive parole release date, until January 5, 2005. At that time he filed a state court petition for writ of habeas corpus, alleging that the Commission "illegally and improperly revoke[d] Petitioner's parole." Doc. 16, Ex. A. By that time, however, the time for seeking habeas relief here had expired, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v.*

---

[1] The Court will use the May 31 date even though the date on which Petitioner signed the petition was the following day, June 1, 2007.

*United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *4th*  day of June, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**